**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **QINGHUI GUO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No. 10 C 5226** |
| **NORTHWESTERN UNIVERSITY,** | ) | **Hon. George W. Lindberg** |
| **DON KENYON, PAMELA PIRTLE,** | ) | |
| **PATRICIA TODUS, AND** | ) | |
| **CLARENCE DORTCH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are defendants' motion to dismiss Counts I, II, and V-XII of plaintiff's First Amended Complaint and plaintiff's motion for leave to file a Second Amended Complaint. For the reasons set forth more fully below, defendants' motion is granted in part and denied in part and plaintiff's motion is denied.

### I  Relevant Facts

On August 18, 2010, plaintiff Qinghui Guo ("Guo" or "plaintiff") filed a thirteen-count complaint against Northwestern University ("Northwestern"), three of its employees, Don Kenyon ("Kenyon"), Pamela Pirtle ("Pirtle"), and Patricia Todus ("Todus"), and a former investigator for the Illinois Department of Human Rights ("IDHR"), Clarence Dortch ("Dortch"). On January 20, 2011, plaintiff filed an amended complaint ("complaint"), solely to correct the case caption and add a jurisdictional statement. Plaintiff's complaint alleges the following claims against Northwestern: failure to promote based on national origin discrimination (Count I); failure to promote based on race discrimination (Count II); retaliation (Count III); constructive discharge (Count IV); and civil conspiracy (Count V). Plaintiff sued Kenyon,

individually, for retaliation (Count VI) and constructive discharge (Count VII). Guo sued Pirtle

for civil conspiracy (Count VIII) and sued Todus for failure to promote based on national origin

discrimination (Count IX), failure to promote based on race discrimination (Count X), retaliation

(Count XI), and constructive discharge (Count XII). The only claim against Dortch is for civil

conspiracy (Count XIII).

Guo began working at Northwestern as an Academic Technology Support Specialist in

1992. She held that position until she resigned in March of 2008. At all times relevant to this

case, Kenyon was Guo's supervisor at Northwestern. Todus was the Associate Vice President

and Chief Information Officer at Northwestern, and Pirtle was the Director of Northwestern's

Office of Equal Opportunity and Access. Guo claims that she was denied promotions and

constructively discharged from her employment at Northwestern because of her race (East

Asian) and national origin (Chinese). She also claims that she was retaliated against for filing

charges with the IDHR and that Northwestern and a former investigator at the IDHR conspired

against her.

## II. Legal Analysis

### A. Rule 12(b)(6) Standard

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure

("Rule") 12(b)(6), Guo's complaint must provide grounds for entitlement to relief that are more

than mere labels and conclusions. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct.

1955, 167 L.Ed.2d 929 (2007). A formulaic recitation of the elements of a cause of action will

not suffice. *Id*. Instead, Guo's factual allegations must be sufficient to raise a right to relief

above the speculative level. *Id.* To survive a motion to dismiss, a complaint must allege

sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. When considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in Guo's favor. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir.2007).

### B. Counts I, II, IX, and X

Title VII requires an employee to file administrative charges with the EEOC (or parallel state agency) within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e). Failure to promote is a discrete act. *Nat'l R.R. Passenger Corp.*, 536 U.S. 101, 114 (2002). In order to state valid Title VII claims for failure to promote, plaintiff must include allegations in the complaint that she filed a charge with the appropriate state or federal agency for each alleged failure to promote within 300 days of its occurrence. *Id.* Failure to comply with that reporting requirement, renders those failure to promote claims time-barred. *Id.* The "continuing violation" doctrine does not apply to discrete acts of discrimination such as failure to promote. *Mull v. Abbot Labs*, 563 F.Supp.2d 925, 929 (N.D.Ill 2008).

The only promotion plaintiff identified in the complaint that she claims she did not receive is the position of videoconference manager. Guo claims that she was denied that promotion "almost immediately" after making an internal complaint to a member of Northwestern's Office of Equal Opportunity, Affirmative Action and Disability Services on June 11, 2006. Guo did not file a charge with the IDHR until December 17, 2007, more than 300 days after she claims she was denied the June 2006 promotion.

Plaintiff claims in her response to the motion to dismiss that amending her complaint to include a citation to 42 U.S.C. § 1981 will make her failure to promote claims timely. That

assertion is incorrect. Section 1981 does not apply to failure to promote claims. *See Palmer v. Board of Education of Community Unit School District 201-U, Will County, Illinois*, 46 F.3d 682, 686 (7th Cir. 1995). Accordingly, plaintiff's failure to promote claims (Counts I, II, IX, and X) are dismissed as untimely and plaintiff's request to amend the complaint to include a citation to 42 U.S.C § 1981 is denied because that amendment would be futile.

### C. Counts VI, VII, IX, X, XI, XII

The Title VII claims against the individual Northwestern employees, Kenyon, Pirtle, and Todus, are duplicative of the claims against Northwestern and are dismissed. The covered entity under Title VII is the "employer," Northwestern. 42 U.S.C. § 2000e-2(a); *Thanongsinh v. Board of Education*, 462 F.3d 762, 772 n.7 (7th Cir. 2006). The Seventh Circuit has interpreted Title VII "as not imposing personal liability on agents, but as invoking the doctrine of *respondeat superior* to make employers responsible for the actions of their agents." *Thanongsinh*, 462 F.3d at 772 n.7 (*quoting Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 493 (7th Cir. 1998)). Accordingly, plaintiff's claims for retaliation (Counts VI and XI) and constructive discharge (Counts VII and XII) against Kenyon and Todus are really claims against their employer, Northwestern. Therefore, those claims are dismissed as duplicative of Counts III and IV.

As stated above, the Court dismissed Counts IX and X against Ms. Todus as untimely. Alternatively, the Court could have dismissed those claims as duplicative of the discrimination claims against Northwestern (Counts I and II).

Plaintiff seeks to amend her complaint as to Kenyon and Todus, to sue them under 42 U.S.C. § 1981 in addition to Title VII. Similar to Guo's other proposed amendments to her complaint, this amendment would be futile. Section 1981 is limited to discrimination on the

grounds of race in the "mak[ing] and enforc[ing] [of] contracts."  42 U.S.C. § 1981(a).  Guo has

not alleged that her employment with Northwestern was government by a contract.  *See*

*Thanongsinh*, 462 F.3d at 783.  On these facts, she cannot sue Kenyon and Todus under Section

1981.

### D.  Counts V, VIII, XIII

Finally, the Court turns to plaintiff's civil conspiracy claims (Counts V, VIII, and XIII).

Clarence Dortch is no longer a party to this case, therefore, the civil conspiracy claim against

him (Count XIII) is dismissed.  The civil conspiracy claim against Pirtle (Count VIII) is also

dismissed. Neither plaintiff's complaint, nor her proposed amendments to the complaint, include

allegations of any actions by Pirtle that could be construed as participation in a civil conspiracy

against Guo.

As for the civil conspiracy claim against Northwestern (Count V), the Court finds that

Guo has pled just enough at this stage in the proceedings to survive a motion to dismiss.  Guo

alleged an agreement between Northwestern and Dortch to act unlawfully regarding the

investigation of the charges she filed with the IDHR.  Determining whether Guo's allegations are

true, or can be substantiated, is not appropriate at the motion to dismiss stage.  Therefore, the

motion to dismiss is denied as to Count V.  Plaintiff's request to amend her complaint to add

additional facts relating to the alleged conspiracy is denied.  This Court has found that Guo

stated a civil conspiracy claim against Northwestern, and it is not necessary for her to bolster that

claim with additional facts.  Further, the proposed facts do not include any additional allegations

regarding the actions of Pirtle.  In other words, Guo's proposed amendments to her civil

conspiracy claims would not alter this Court's decision to dismiss Count VIII as to Pirtle.

Therefore, plaintiff's motion for leave to file a Second Amended Complaint is denied.

### III. Summary

In summary, defendants' motion to dismiss is granted as to Counts I, II, VI, VII, VIII, IX, X, XI, and XII. Count XIII is dismissed *sua sponte* because Dortch is no longer a party to this case. The motion to dismiss is denied as to Count V. Don Kenyon, Pamela Pirtle, and Patricia Todus are dismissed as defendants in this case. Counts III, IV, and V are the only remaining claims. Plaintiff's motion for leave to file a Second Amended Complaint is denied because plaintiff's proposed amendments would either be futile, or are unnecessary.

**ORDERED:** Defendants' motion to dismiss Counts I, II, and V-XII of Plaintiff's First Amended Complaint at Law [39] is granted in part and denied in part. Counts I, II, VI, VII, VIII, IX, X, XI, and XII are dismissed. Count XIII is dismissed *sua sponte*. Plaintiff's motion for Leave to File the Second Amended Complaint [70] is denied. Don Kenyon, Pamela Pirtle and Patricia Todus are dismissed as defendants in this case. The only remaining defendant, Northwestern University, is ordered to answer the remaining counts in plaintiff's First Amended Complaint, Counts III, IV, and V, by May 25, 2011.

Signed: _George W. Lindberg_
George W. Lindberg
Senior U.S. District Court Judge

Dated: May 17, 2011

6